IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL LINDSEY and
MARQUESA LINDSEY                                                                              PLAINTIFFS

v.                                          Case No. 6:22-cv-06113

OAKLAWN JOCKEY CLUB, INC.                                                                      DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Oaklawn Jockey Club, Inc.'s Motion for Summary Judgment (ECF No. 11). The Court finds that this matter is ripe for consideration.

### I. BACKGROUND

This is a civil rights case. On November 2, 2022, Plaintiffs filed a complaint against Defendant. (ECF No. 2). The complaint alleges that on January 1, 2018, Plaintiffs were business invitees of Defendant's club. *Id.* at 2. Plaintiffs were using Oaklawn's slot machines when they were approached by agents working for Defendant. *Id.* at 2-3. Following contact with Defendant's agents, Plaintiffs were approached by an officer of the Hot Springs Police Department. *Id.* at 3. After a brief conversation with the officer, Plaintiffs allege they were physically attacked by the officer and removed from the premises of Oaklawn Jockey Club, Inc. *Id.*

Plaintiffs allege they were given no explanation for the attack and removal from the premises. Following their removal from the premises, they were arrested by the officer from the Hot Springs Police Department. *Id.* at 3. Plaintiffs bring three claims in their complaint: a civil rights claim under 42 U.S.C. § 1983, a claim under the Arkansas Civil Rights Act, and a claim of outrage. *Id.* at 3, 6, 7.

On January 19, 2023, Defendant filed a Motion for Summary Judgment, arguing that each of Plaintiffs' claims is barred by the Statute of Limitations. (ECF No. 11). On February 9, 2023,

Plaintiffs filed a Motion for Voluntary Dismissal Without Prejudice. (ECF No. 16). The Court denied Plaintiff's motion (ECF No. 18) and directed Plaintiffs to respond to Defendant's Motion for Summary Judgment by July 5, 2023. On July 5, 2023, Plaintiffs filed a Motion for Extension of Time to File Response. (ECF No. 19). The Court granted this extension and allowed Plaintiffs until July 12, 2023, to file a response to Defendant's Motion for Summary Judgment. (ECF No. 20). The deadline has passed and Plaintiffs have failed to respond.

## II. LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III.  DISCUSSION

As an initial matter, the Court notes that Plaintiffs' failure to respond to Defendant's summary judgment motion is not sufficient to dispose of the motion. *See Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."). Thus, the Court must examine the record and decide if the motion is well taken. *Id.*

#### A.  Civil Rights Claim under 42 U.S.C. § 1983

The Court first takes up Plaintiffs' civil rights claim under 42 U.S.C. § 1983. Because § 1983 "does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). The governing statute of limitations for § 1983 claims is the personal-injury tort statute of the state where the claim arose. *Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021) (quoting *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985)). In Arkansas, the personal-injury statute of limitations is three years. Ark. Code Ann. § 16-56-105(3).

Plaintiffs allege that the events took place on or about January 1, 2018. Plaintiffs filed their complaint on November 2, 2022. Four years and eleven months have passed between these two events. The statute of limitations allows for three years to bring a suit under 42 U.S.C. § 1983. Thus, the Court finds that this claim is barred by the statute of limitations, and Defendant is entitled to judgment as a matter of law as to this claim.

#### B.  Arkansas Civil Rights Act

When construing the Arkansas Civil Rights Act, "courts must look for guidance to state and federal decisions pertaining to actions filed pursuant to the federal civil rights act, 42 U.S.C. § 1983." *Hutcherson v. Rutledge*, 533 S.W.3d 77, 80 (Ark. 2017). The Court looks to the personal-

injury tort statute in the state where the claim arose to find the relevant statute of limitations. As the Court found above, the statute of limitations for personal-injury actions in the state of Arkansas is three years. Ark. Code Ann. § 16-56-105(3).

The analysis for this is the same as the Court's analysis above. Plaintiffs allege that the events at issue took place on January 1, 2018. Plaintiffs filed their complaint on November 2, 2022. Four years and eleven months have passed between the filing of the complaint and the date Plaintiffs allege the claim occurred. As the statute of limitations only allows for three years to file and Plaintiffs have filed outside the time allowed by statute, the Court finds that this claim is time-barred. Accordingly, Defendant is entitled to judgment as a matter of law as to this claim.

### C. Outrage

The tort of outrage is "governed by the three-year statute of limitations found in Ark. Code Ann. § 16-56-105 (1987)." *McQuay v. Guntharp*, 963 S.W.2d 583, 855 (Ark. 1998). As outrage also falls under a three-year statute of limitations, the Court's findings above apply here as well. Accordingly, the Court finds that this claim is time-barred, and Defendant is entitled to judgment as a matter of law as to this claim.

### IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 11) should be and hereby is **GRANTED**. Judgment will be entered separately.

**IT IS SO ORDERED**, this 18th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge